MEI QIN XING, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

Docket No. 02–4418.

United States Court of Appeals,
Second Circuit.

March 23, 2005.

Sunit K. Joshi, Joshi & Associates, PC, New York, NY, for the Petitioner–Appellant.

Hope E. Sanders, U.S. Department of Justice, Civil Division, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, on the brief), Washington, D.C., for the Respondent–Appellee.

PRESENT: STRAUB, WESLEY, Circuit Judges, and SESSIONS, Chief District Judge.[1]

### SUMMARY ORDER

Mei Qin Xing, a native and citizen of the People's Republic of China, requests review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the July 12, 1999 decision of the Immigration Judge Noel Ferris (IJ) denying her application for asylum, withholding of removal, and voluntary departure. Ms. Xing's application alleges that she was subjected to past persecution in the form of a forced abortion and related harm, and feared future persecution in the

---

1. The Honorable William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

form of sterilization if she returned to China. We assume the parties' familiarity with the facts, decisions and records below, submissions of the parties in the matter as present, and issues on appeal.

Where the BIA summarily affirms a decision of an IJ, the IJ's decision becomes that of the BIA for purposes of judicial review. *See* 8 C.F.R. § 1003.1(a)(7); *Georgis v. Ashcroft*, 328 F.3d 962, 966–67 (2d Cir.2003). We review an IJ's credibility determination under the "substantial evidence standard," *see Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we review *de novo* the question of law regarding what evidence will suffice to carry an asylum applicant's burden of proof. *See Qiu v. Ashcroft*, 329 F.3d 140, 146 (2d Cir.2003).

The IJ cited several instances of inconsistent and implausible testimony by the petitioner. For example, the IJ cited Ms. Xing's apparent submission of two abortion certificates in her immigration proceedings, one dated June 1992 and the other dated December 1992, while claiming that she had only seen the June 1992 document and had only received one abortion. The IJ further highlighted Ms. Xing's repeated claims that a notarial certificate for her son was issued before the end of 1996, while the document is dated March 1997. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."

*Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted).

In determining the petitioner's testimony to be incredible, the IJ also made reference to Ms. Xing's demeanor at two points during the testimony. The IJ found that Ms. Xing became "increasingly vague and unresponsive" when confronted regarding the veracity of a household register that she submitted. The IJ further noted that Ms. Xing's testimony "became increasingly panicked as the hearing went on and as discrepancies were brought to her attention and she was given an opportunity to respond to them." We afford particular deference to an IJ's credibility findings that are grounded upon observation of the demeanor of witnesses. *See Zhang*, 386 F.3d at 73 (noting that a "fact-finder who assesses testimony together with a witnesses demeanor is in the best position to discern ... whether inconsistent responses are the product of innocent error or intentional falsehood").

Ms. Xing's claim that she met her burdens of proof for asylum and withholding of removal depends upon the credibility of her testimony. The IJ offered specific and cogent reasons for discrediting the petitioner's testimony that she had a child in China and underwent an abortion in China. In the absence of this testimony, Ms. Xing provided no basis for finding that she experienced past persecution or has a well-founded fear of future persecution, a burden that must be met in order to establish eligibility for asylum. *See* 8 U.S.C. § 1101(a)(42); *Qiu*, 329 F.3d at 148.

During Ms. Xing's proceedings, the IJ admitted some records from her husband's removal proceedings into evidence. Ms. Xing argues that it was unfair and inappropriate to employ these documents to impeach her credibility. Because we find that the IJ's adverse credibility determina-

tion was based on substantial evidence independent of the documents culled from the husband's proceedings, we need not evaluate the merits of this claim.

Furthermore, because we find no error in the IJ's conclusion that Ms. Xing failed to satisfy her burdens of proof as to her asylum and withholding of removal claims, we do not reach the IJ's alternative discretionary denial of her asylum claim.

For the foregoing reasons, we conclude that the BIA properly dismissed Ms. Xing's appeal. The petition for review is hereby **DENIED**.